Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000668
21-NOV-2016
08:06 AM

NO. CAAP-15-0000668

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BERNARD DELRAY SPRAY, Petitioner-Appellee, v.
TERRY L. STEPHENS, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3SS15-1-000140)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Respondent-Appellant Terry L. Stephens (**Stephens**) appeals from the "Order Granting Petition for Injunction Against Harassment," filed on August 3, 2015 in the District Court of the Third Circuit[1] (**district court**).

On appeal, Stephens contends (1) a single act of harassment is insufficient to grant an injunction against harassment pursuant to Hawaii Revised Statutes (**HRS**) 604-10.5(a)(2) (Supp. 2015), (2) the date of the harassment alleged by Petitioner-Appellee Bernard Delray Spray (**Spray**) was shown to be incorrect, and (3) the District Court failed to apply the clear and convincing standard of proof to the evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude Stephens' appeal is without merit.

HRS § 604-10.5 provides in part:

---

[1] The Honorable Harry P. Freitas presided.

§604-10.5 **Power to enjoin and temporarily restrain harassment.** (a) For the purposes of this section:

"Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose.

"Harassment" means:
(1)     Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or

(2)     An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

. . . .

(g)    . . . .

        If the court finds by clear and convincing evidence that harassment as defined in paragraph (1) of that definition exists, it may enjoin for no more than three years further harassment of the petitioner, or that harassment as defined in paragraph (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner; provided that this paragraph shall not prohibit the court from issuing other injunctions against the named parties even if the time to which the injunction applies exceeds a total of three years.

The district court cited three incidents in support of issuing the injunction against harassment, Stephens told Spray that he was not faster than a bullet, Stephens' neighbor threatened Spray at the direction of Stephens, and Stephens told Spray's brother that people disappear on the island and Spray was not exempt from that. Stephens contention that there was only one incident of harassment is incorrect.

Three instances of intentional or knowing conduct by Stephens was a "pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose" which constituted a "course of conduct" pursuant to HRS § 604-10.5(a). The district court noted that the dates of the incidents were inexact according to the testimony but nonetheless believed that the harassment occurred around the alleged dates.

HRS § 604-10.5 does not require the exact date of the harassment be proven, only that there was clear and convincing evidence that harassment occurred. In this case, the harassment

was an intentional or knowing course of conduct directed at Spray that seriously alarmed or disturbed consistently or continually bothered Spray, and served no legitimate purpose; and Stephens' course of conduct would have caused a reasonable person, in this case Spray, to suffer emotional distress. HRS § 604-10.5(a)(2). The district court found by clear and convincing evidence Stephens violated HRS § 604-10.5(a)(2) in harassing Spray. "[T]he credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 92, 34 P.3d 16, 22 (2001).

> "[C]lear and convincing" evidence may be defined as an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases. It is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable.

Masaki v. General Motors Corp., 71 Haw. 1, 15, 780 P.2d 566, 574 (1989).

Therefore,

IT IS HEREBY ORDERED that the "Order Granting Petition for Injunction Against Harassment," filed on August 3, 2015 in the District Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 21, 2016.

On the brief:

Terry L. Stephens
Respondent-Appellant pro se.

Presiding Judge

Associate Judge

Associate Judge